**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARC JAMES,** ) | |
| ) | |
| **Plaintiff,** ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| **ATLANTA RECOVERY PLACE, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff Marc James brings this case against Defendant Atlanta Recovery Place, LLC seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Marc James is an adult resident of Atlanta, Georgia. Mr. James worked as a behavioral health technician at Defendant's drug treatment facility located in Atlanta,

1

Georgia. Plaintiff was not paid overtime premium compensation for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant is a Georgia limited liability company which operates a drug treatment rehabilitation facility located in Atlanta, Georgia.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during his employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

11. Defendant misclassified Plaintiff as an independent contractor and did not pay him overtime compensation for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12. From approximately January 2018 through May 2018, Plaintiff worked as a behavioral health technician at Defendant's drug treatment rehabilitation facility.

13. At all relevant times, Plaintiff was classified by Defendant as an independent contractor and was not paid overtime compensation for hours worked over 40 in a workweek.

14. At all relevant times, Defendant paid Plaintiff on an hourly basis.

15. Defendant tracked Plaintiff's hours worked by requiring him to clock in and out on a time tracking system.

16. During the relevant time period, Plaintiff regularly worked more than 40 hours, and typically in excess of 50 hours per week. He did not receive overtime compensation for hours worked over 40 in a workweek.

17. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's misclassification of Plaintiff as an independent contractor and failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

   A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B.  An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C.  Attorneys' fees and costs;

D.  Pre- and post-interest; and

E.  Any other relief to which Plaintiff may be entitled.

Dated: October 3, 2018                                         Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*
